IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR166 |
| vs. | |
| DARNELL L. POLITE, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss Count II of the Indictment (Filing No. 28). The motion has been briefed and is ripe for disposition.

For the reasons explained below, the undersigned will recommend that the motion be denied.

## FACTS

On June 17, 2021, the grand jury returned a two-count indictment charging Defendant with (I) possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1); and (II) using and carrying a firearm during and in relation to, and knowingly possessing such firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  (Filing No. 1.) Defendant now seeks dismissal of Count II.

## DISCUSSION

Defendant argues Count II of the Indictment should be dismissed as duplicitous. "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Street*, 66 F.3d 969, 974 (8th Cir.1995) (quotation omitted).  "The principal vice of a duplicitous

indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *Id*. Duplicity could result in "improper notice of the charges against [the defendant], prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, in exposure to double jeopardy, and the danger that a conviction will result from a less than unanimous verdict as to each separate offense." *United States v. Armstrong,* 974 F. Supp. 528, 539 (E.D. Va. 1997) (quotation omitted). "A count is not duplicitous, however, merely because it alleges alternative means of completing a single offense." *United States v. Pleasant,* 125 F. Supp.2d 173, 176 (E.D. Va. 2000).

> Section 924(c)(1)(A), under which Defendant is charged, provides:
>
> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years; . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and . . . if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). The Eighth Circuit Court of Appeals has held that § 924(c)(1)(A) creates two separate offenses: (1) possession of a firearm in furtherance of crime of violence or drug trafficking offense and (2) use or carry of a firearm during and in relation to a crime of violence or drug-trafficking offense. *United States v. Gamboa,* 439 F.3d 796, 810 (8th Cir. 2006).

Defendant argues Count II is duplicitous because it alleges Defendant violated both §924(c)(1)(A) offenses. Count II alleges that on April 8, 2021, Defendant "did knowingly use and carry a firearm . . . during and in relation to, and did knowingly possess such firearm in furtherance of, a drug trafficking crime" in violation of § 924(c)(1)(A). (Filing No. 1.) Defendant contends that because Count II alleges both offenses, a jury cannot properly consider Count II without a substantial risk of a non-unanimous verdict, jury confusion, and conviction on a non-offense. The government argues, however, that Count II was appropriately filed to fully inform Defendant of the charges he faces. The government further argues that even if the Court determines Count II is duplicitous, the proper remedy would not be dismissal. Rather, according to the government, the

proper remedy would be for the Court to require the government to elect the prong under which it wishes to proceed, or that the Court provide a jury instruction requiring a unanimous verdict.

Although there is no Eighth Circuit precedent addressing the question of whether a count charging both prongs of § 924(c) is duplicitous, this Court recently concluded that a similarly worded indictment charging both prongs of this statute was duplicitous. In *United States v. Navarro-Gonzalez,* No. 8:21-CR-72, 2021 WL 2910702 (D. Neb. July 12, 2021), the defendant moved to dismiss count II of his indictment, arguing that the count was duplicitous because it charged him with both (1) knowingly using and carrying a firearm during and in relation to a drug trafficking crime and (2) knowingly possessing such firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A). *Id*. at *2. Citing the Eighth Circuit's finding in *Gamboa* that § 924(c)(1)(A) creates two separate offenses, United States District Court Judge Brian Buescher adopted the magistrate judge's determination that count II of the indictment was duplicitous and allowed the government to elect under which prong of the statute it wished to proceed. Courts outside this jurisdiction have held similarly. *See Pleasant,* 125 F. Supp.2d at 183 (holding that because the statutory text of § 924(c) articulates two distinct kinds of offenses, charging both in a single count was duplicitous).

As in *Nararro-Gonzalez*, Count II alleges Defendant knowingly used and carried a firearm in relation to a drug trafficking crime and knowingly possessed such firearm in furtherance of a drug trafficking crime. Because, under Eighth Circuit precedent, § 924(c)(1)(A) sets out two separate offenses, Count II, which alleges both of those offenses, is duplicitous. The language of Count II runs the risk that part of a jury may find Defendant guilty of one crime while the rest of the jury finds him guilty of the other crime. Additionally, due to the similar definitions of the elements, Count II poses a risk of juror confusion.

Having concluded that Count II is duplicitous, the Court must now consider the appropriate remedy. "The right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away with or without court amendment." *Stirone v. United States,* 361 U.S. 212, 218–19, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). Only the grand jury may broaden charges in an indictment. *Id*. Courts have found that "[w]here an indictment or information contains a duplicitous count, the proper remedy is to dismiss the count *or* to require the United States to elect

3

which offense it desires to pursue." *Pleasant*, 125 F. Supp.2d at 176 (emphasis added). *See also United States v. Sturdivant*, 244 F.3d 71, 79 (2d Cir. 2001) ("[P]rejudice to the defendant can be avoided by having the government elect to proceed based upon only one of the distinct crimes included within a duplicitous count").

Under the circumstances presented here, the undersigned will recommend that the government be permitted to elect which prong of § 924(c)(1)(A) under which it wishes to proceed. Doing so would not impermissibly broaden the scope of the Indictment or charges against Defendant. To the contrary, Count II, which currently sets out two offenses, would be narrowed to eliminate one of the charges. Thus, Defendant would be sufficiently advised of the charges against him. The government requested in its brief that it be allowed to proceed on the possession prong of § 924(c)(1)(A). (Filing No. 35.) Therefore, the undersigned will recommend that the government be allowed to proceed on this prong only.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Brian C. Buescher that Defendant's Motion to Dismiss Count II of the Indictment (Filing No. 28) be denied and that the government be allowed to proceed only on the possession prong of § 924(c)(1)(A).

Dated this 8th day of October, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

### ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.